UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM HAUGHEY,

                Plaintiff,                      18-cv-02861 (KMK)

   -against-

THE COUNTY OF PUTNAM; THE TOWN OF CARMEL;
INSPECTOR ROBERT GEOGHEGAN; ROBERT
EFFEREN; CHIEF DARYL JOHNSON; DOUGH
CASEY; PO JUSTIN FISCHER; DETECTIVE
MICHAEL NAGLE; SERGEANT ROBERT
BEHAN; SERGEANT JOHN DEARMAN;
JOSEPH CHARBONNEAU; JOHN DOES 1-5;
AND ANTHONY PORTO,

                Defendants.
------------------------------------------------------------------X


DEFENDANT DARYL JOHNSON'S
MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS


BLEAKLEY PLATT & SCHMIDT, LLP
*ATTORNEYS FOR DEFENDANT*
*DARYL JOHNSON*
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
(914) 949-2700

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY ........................................................................................................ 1

POINT I

    THE SECOND AMENDED COMPLAINT FAILS
    TO STATE A CLAIM AGAINST DEFENDANT
    DARYL JOHNSON ........................................................................................................ 2

    A.    THE STANDARD OF REVIEW ON MOTIONS
           TO DISMISS GENERALLY ............................................................................. 2

    B.    MOTIONS TO DISMISS IN CIVIL RIGHTS ACTIONS ................................. 3

    C.    PLAINTIFF'S LEGAL CONTENTIONS PERTAINING
           TO DEFENDANT JOHNSON ............................................................................ 3

    D.    THE SPARSE FACTUAL ALLEGATIONS PERTAINING
           TO DEFENDANT JOHNSON ............................................................................ 4

    E.    THE SELF-SERVING OPINION OF PUTNAM COUNTY
           BUREAU OF EMERGENCY SERVICES COMMISSIONER
           McMAHON IS NOT A WELL PLED "FACT" ON A
           MOTION TO DISMISS ...................................................................................... 6

POINT II

    DEFENDANT JOHNSON IS ENTITLED TO
    QUALIFIED IMMUNITY ............................................................................................... 7

POINT III

    THE SECOND AMENDED COMPLAINT DOES NOT
    STATE A CLAIM AGAINST DEFENDANT
    JOHNSON FOR CIVIL CONSPIRACY ........................................................................ 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Alfaro Motors, Inc. v. Ward, 814 F.2d 883, (2d Cir. 1987) ............................................................3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................................2

*Barr v. Abrams,* 810 F.2d 358 (2d Cir. 1987) .................................................................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................2, 9

*Gallop v. Cheney*, 642 F.3d 369 (2d Cir. 2011) ..............................................................................9

*Gatt Communications Inc. v. PMC Assocs., L.L.C.* 711 F.3d 68 (2d Cir. 2013) ............................2

Harlow v. Fitzgerald, 457 U.S. 800 (1982) .....................................................................................8

*Hunter v. Bryant*, 502 U.S. 224 (1991) ...........................................................................................8

*John Gil Constr., Inc. v. Riverso,* 99 F. Supp. 2d 345 (S.D.N.Y. 2000) .........................................3

Kaminsky v. Rosenblum, 929 F.2d 922 (2d Cir. 1991) ....................................................................8

*Krause v. Bennett*, 887 F.2d 362 (2d Cir. 1989) .............................................................................8

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir 2015) ..........................................................3

Magnotti v. Kuntz, 918 F.2d 364 (2d Cir. 1990) ..............................................................................8

*Ong v. Park Manor Rehab. and Healthcare Ctr.*,
  51 F. Supp. 3d 319 (S.D.N.Y. 2014) ....................................................................................3, 5, 9

Ostrer v. Aronwald, 567 F.2d 551 (2d Cir. 1972) ...........................................................................3

Papasan *v.* Allain, 478 U.S. 265 (1986) ......................................................................................4, 9

*Scotto v. Almenas*, 143 F.3d 105 (2d Cir. 1998) .............................................................................9

*Zahra v. Town of Southold,* 48 F.3d 674 (2d Cir. 1995) .................................................................8

**Other Authorities**
Merriam-Webster.com. 2019 ............................................................................................................7

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of defendant Daryl Johnson ("Mr. Johnson") in support of his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff William Haughey ("Plaintiff" or "Mr. Haughey") brings suit alleging civil rights violations under 42 U.S.C. § 1983 arising from his arrest, prosecution, conviction and incarceration for arson in the aftermath of a fire on March 10, 2007 at Smalley's Inn in the Town of Carmel, New York ("Smalley's"). At the time, Mr. Johnson was the Chief of the Carmel Fire Department. Mr. Haughey's conviction was eventually vacated pursuant to orders issued by United States District Court Judge Vincent Briccetti (attached as Exhibits F and G to Plaintiff's Second Amended Complaint, hereafter "SAC").[1] The basis for the vacatur was ineffective assistance of counsel and that Mr. Haughey established his actual innocence. SAC, Exhibit H, ¶¶ 17-18, Exhibit G, ¶ C.

## PROCEDURAL HISTORY

Plaintiff commenced this action via Complaint filed March 30, 2018. CM/ECF Docket Entry #1. Mr. Johnson was sued in his capacity as the Chief of the Carmel Fire Department at the time of the fire at Smalley's.

Thereafter, Plaintiff filed a First Amended Complaint on August 22, 2018. CM/ECF Docket Entry #25. Plaintiff filed a Second Amended Complaint on December 3, 2018. CM/ECF Docket Entry #50. Mr. Johnson was again named as a defendant.

---

[1] All exhibit references are to those annexed to the Plaintiff's Second Amended Complaint, a true copy of which is attached to the accompanying Declaration of Peter F. Harrington dated April 17, 2019.

1

The Second Amended Complaint asserts five claims against Mr. Johnson, all alleging violations of 42 U.S.C. § 1983 arising from Mr. Johnson's alleged role in the investigation of the Smalley's fire and Mr. Haughey's prosecution.

By Order dated March 19, 2019, Judge Karas instructed defendants to file all motions to dismiss no later than April 19, 2019 and thus this motion is timely. Docket Entry #68.

## POINT I

### THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT DARYL JOHNSON

*A. The Standard of Review on Motions to Dismiss Generally*

Federal Rule of Civil Procedure 8 ("Rule 8") requires that all complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." However, to survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face. *Gatt Communications Inc. v. PMC Assocs., L.L.C.* 711 F.3d 68, 75 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). A claim is not plausible unless it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678; *Twombly* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

Put another way, to satisfy Rule 8's pleading requirement, a plaintiff must allege sufficient facts to demonstrate that there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action" or "unadorned, the defendant-unlawfully-harmed-me accusation[s]" does not satisfy Rule 8's "plausibility" requirement. *Iqbal* at 678; *see also,*

*Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir 2015); *Ong v. Park Manor Rehab. and Healthcare Ctr.*, 51 F. Supp. 3d 319, 351(S.D.N.Y. 2014) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Finally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

    *B. Motions to Dismiss in Civil Rights Actions*

The requirement that a plaintiff plead specific facts in support of his claim also applies to civil rights cases such as this. Specifically, the Second Circuit has repeatedly held that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir. 1987); *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) ("It is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983."); *John Gil Constr., Inc. v. Riverso,* 99 F. Supp. 2d 345 (S.D.N.Y. 2000) (vague and speculative statements are insufficient to state a claim under 42 U.S.C. § 1983); s*ee also, Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1972).

    *C. Plaintiff's Legal Contentions Pertaining to Defendant Johnson*

In the Second Amended Complaint, Plaintiff initially alleges that Mr. Johnson had a legal obligation pursuant to General Municipal Law § 204(d) ("G.M.L."), which reads in relevant part:

> The fire chief of any fire department shall…*to the extent reasonably possible* determine or cause to be determined the cause of each fire or explosion which the fire department or company has been called *to suppress*. He shall file with the office of fire prevention and control a report containing such determination and any

3

> additional information required by such office regarding the fire or explosion…He shall contact or cause to be contacted the appropriate investigative authority if he has reason to believe the fire or explosion is of incendiary or suspicious origin.

SAC, ¶¶ 42-43 (emphasis added).[2] There is no allegation in the Second Amended Complaint that the Carmel Fire Department was actually "called to suppress" the fire at Smalley's because in fact, it was not.

Plaintiff also contends that Mr. Johnson, "along with Putnam County Fire Investigation Team members, conducted an "invalid, incomplete, reckless, grossly negligent, and intentionally misleading fire investigation and falsely took the position that the fire did not have an electrical or accidental cause, and thus an arson had occurred." (SAC, ¶ 50). Together with the claim that Mr. Johnson was bound to follow G.M.L. § 204 (d) in this case, the allegation that Mr. Johnson's conduct was somehow "invalid, incomplete, reckless, grossly negligent and intentionally misleading" is a legal contention, not a factual one and the Court is not bound to accept it as true on this motion to dismiss. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Nonetheless, as will be shown *infra*, assuming G.M.L. § 204(d) did apply Mr. Johnson satisfied the statute.

*D. The Sparse Factual Allegations Pertaining to Defendant Johnson*

Beyond the legal contention that Mr. Johnson was obligated to comply with General Municipal Law § 204(d) and the conclusory legal contention that his conduct was "invalid,

---

[2] As noted in the Second Amended Complaint, the Carmel Fire Department was not actually "called to suppress" the Smalley's fire as G.M.L. § 204(d) contemplates. Rather, the Carmel Police Department summoned Chief Johnson to Smalley's *the next day* so that he could summon a Putnam County Fire Investigation Team ("PCFIT") per the policy and custom in the county. Thus, the statutory requirement that the chief contact the "appropriate investigative authority if he has reason to believe the fire or explosion is of incendiary or suspicious origin" was not triggered insofar as Chief Johnson did not respond to "suppress" a fire and then himself conclude that the fire was of suspicious origin. Rather, it was the PCFIT which determined the fire was arson. SAC, Exhibits C, D and E.

4

incomplete, reckless, grossly negligent and intentionally misleading," Plaintiff *makes very few specific factual allegations as to Mr. Johnson. Specifically as to Mr. Johnson*, Plaintiff alleges that he:[3]

1. Responded to the scene of the fire pursuant to a request from co-defendant Detective Michael Nagle of the Carmel Police Department (SAC, ¶ 41);

2. "prepared a Carmel Fire Department report...indicating that Putnam Fire Investigation Team, which were one of his tools and which reported to him, "determined that the fire was incendiary in nature" (SAC, ¶ 58);

Assuming these two factual contentions to be true for purposes of this motion, and assuming further that G.M.L. § 204(d) does apply to the fire at Smalley's, it is clear that not only did Mr. Johnson satisfy his obligations under the statute, nothing he did contributed in any way to the arrest, prosecution and eventual conviction of Mr. Haughey which form the basis of his claims in this action.

First, per G.M.L. § 204(d), Mr. Johnson "cause[d] to be determined the cause" of the Smalley's fire by relying upon the PCFIT which conducted the investigation. *See* SAC, Exhibits C (PCFIT "Incident Field Notes") and D (PCFIT Investigator Geoghegan's Incident Summary Report). Neither the PCFIT Incident Field Notes nor the PCFIT Incident Summary Report written by Inspector Geoghegan mentions Mr. Johnson. In fact, Inspector Geoghegan's report specifically states that "[a]fter thoroughly examining the physical evidence present, viewing the surveillance video and ruling out all possible accidental and natural causes, *the Fire Investigation Team determined the fire to be incendiary in nature*." SAC, Exhibit D (emphasis added). Mr.

---

[3] Plaintiff makes various conclusory, blanket allegations against "defendants" without any specific reference to Mr. Johnson. These type of "catch all" conclusory allegations do not meet Rule 8's pleading requirements insofar as they allege nothing in particular as to Mr. Johnson and thus cannot be considered. *Ong v. Park Manor Rehab and Healthcare Ctr.*, 51 F. Supp. 3d at 355-356.

Johnson did not contribute in any way to the preparation of either document. The PCFIT Incident Field Notes bear a "Putnam County Fire Investigation Team" legend, not Carmel Fire Department. Likewise, PCFIT Investigator Geoghegan's Incident Summary Report is on Putnam County Bureau of Emergency Services letterhead, not the Carmel Fire Department. It was Inspector Geoghegan, not Mr. Johnson, who testified on behalf of the prosecution at Mr. Haughey's criminal trial. SAC, ¶ 68, Exhibit H, ¶ 8. Finally, the Second Amended Complaint does not allege that Mr. Johnson was a member of the PCFIT, because he was not.

Second, per G.M.L. § 204(d) Mr. Johnson prepared a report simply stating that "the team [PCFIT] determined that the fire was incindiary (sic) in nature." SAC, Exhibit E. Mr. Johnson's report made no independent conclusions of his own.

Based on the above, it is clear that the limited factual allegations as to Mr. Johnson, accepted as true, do nothing more than demonstrate that he satisfied his statutory obligation as the Town of Carmel Fire Chief to "determine *or cause to be determined the cause*" of the fire at Smalley's by having the PCFIT perform its investigation and report *its* finding. As such, Plaintiff cannot establish any plausible claim against Mr. Johnson for his arrest, prosecution and incarceration.

> E. *The Self-Serving Opinion of Putnam County Bureau of Emergency Services Commissioner McMahon is not a Well Pled "Fact" on a Motion to Dismiss*

Plaintiff contends that the opinions of Robert McMahon, then Commissioner of Putnam County's Bureau of Emergency Services, expressed in two letters written to Mr. Haughey while in prison are well pled facts precluding dismissal as against Mr. Johnson. SAC, ¶¶ 44-46. This position is incorrect.

Simply put, Commissioner McMahon's self-serving opinion that fire chiefs within Putnam County are solely responsible for determining the cause of fires is nothing more than a

6

misleadingly narrow interpretation of G.M.L. § 204(d). G.M.L. § 204(d) requires the fire chief to "determine *or cause to be determined the cause*" of a fire. In this case, then Chief Johnson did "*cause to be determined the cause*" of the Smalley's fire by relying upon the expertise of the PCFIT, which as Commissioner McMahon notes in one of his letters, "investigates fire causes under the umbrella of the [Putnam County] Bureau of Emergency Services." SAC, Exhibit B. In relying upon the PCFIT, whose sole function is to investigate the cause of fires within Putnam County, then Chief Johnson satisfied his obligation under G.M.L. § 204(d).

If Commissioner McMahon's opinion seeking to shift responsibility away from the PCFIT, an arm of his agency, onto Mr. Johnson is considered a "factual allegation" sufficient to defeat this motion to dismiss, then every expression of opinion no matter how narrowly based or incorrect could defeat a motion to dismiss. An opinion is "a view, judgment, or appraisal formed in the mind about a particular matter." "Opinion." *Merriam-Webster.com*. 2019. https://www.merriam-webster.com (11 April 2019). A fact "is a piece of information presented as having objective reality." "Fact." *Merriam-Webster.com*. 2019. https://www.merriam-webster.com (11 April 2019). Opinions are not facts. We respectfully submit that Commissioner McMahon's opinion does not meet the standard of well pled facts required by Rule 8 and the controlling precedent cited above.

## POINT II

### DEFENDANT JOHNSON IS ENTITLED TO QUALIFIED IMMUNITY

As the Chief of the Carmel Fire Department at the time of this incident, Mr. Johnson is entitled to qualified immunity. Assuming the truth of the specific factual allegations made against him in the Second Amended Complaint, Mr. Johnson simply went to Smalley's hours after the fire was extinguished, as requested by the Carmel Police, and wrote his report

7

concerning the PCFIT's investigation. SAC, ¶¶ 41, 58. He made no independent findings as to the cause of the fire. SAC, Exhibit E.

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). However, even if the rights in question are clearly established, a government official may still be entitled to qualified immunity if "it was objectively reasonable for the public official to believe that his acts did not violate those rights." *Kaminsky v. Rosenblum,* 929 F.2d 922, 925 (2d Cir. 1991); *Magnotti v. Kuntz,* 918 F.2d 364, 367 (2d Cir. 1990). Put another way, "[e]ssentially, if it is objectively reasonable for an official to believe that he or she is acting within constitutional and statutory bounds, the official will be insulated from liability stemming from his or her conduct." *Zahra v. Town of Southold,* 48 F.3d 674, 686 (2d Cir. 1995); *Krause v. Bennett,* 887 F.2d 362, 368 (2d Cir. 1989). Qualified immunity is meant to protect officials not only from liability, but also from the burden of having to defend a lawsuit as early as possible. *Hunter v. Bryant*, 502 U.S. 224 (1991) ("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation").

In this case, it is clear that to the extent Mr. Johnson was involved in this matter, he was merely carrying out the duties assigned to fire chiefs by G.M.L. § 204(d). Specifically, as alleged in Plaintiff's Second Amended Complaint, Mr. Johnson's activities consisted solely of 1) responding to the scene at the request of the Carmel Police hours *after* the fire had been extinguished and 2) preparing a brief report stating that the PCFIT conducted an investigation and determined that the fire was incendiary in nature. It was objectively reasonable for Mr.

8

Johnson to believe that his conduct did not violate Plaintiff's rights because, in fact, Mr. Johnson's conduct did not violate his rights.

### POINT III

### THE SECOND AMENDED COMPLAINT DOES NOT STATE A CLAIM AGAINST DEFENDANT JOHNSON FOR CIVIL CONSPIRACY

As set forth above, to avoid dismissal a plaintiff's complaint must provide sufficient factual content and more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

*Twombly's* plausibility requirement applies to claims of civil conspiracy. *Gallop v. Cheney*, 642 F.3d 369 (2d Cir. 2011) (affirming dismissal of complaint which contained only "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights" because it "fail[ed] to plausibly allege the existence of a conspiracy among the defendants."); *Scotto v. Almenas*, 143 F.3d 105, 114-15 (2d Cir. 1998) (allegations that communications among defendants occurred insufficient to show conspiracy and noting that "the non-moving party may not rely on conclusory allegations or unsubstantiated speculation"); *Ong v. Park Manor Rehab and Healthcare Ctr.*, 51 F. Supp. 3d at 352.

In this case, Plaintiff summarily claims that "[d]efendants all explicitly and/or implicitly agreed to commit with each other and/or other unnamed conspirators, the wrongs detailed above, and to ultimately have Plaintiff falsely arrested for arson." SAC, ¶ 164. Plaintiff further alleges that "each defendant then committed overt acts, *as detailed above*, to accomplish the goal of the

conspiracy, including, but not limited to, violating the most basic principles of fire investigation, intentionally deviating from accepted fire investigation, intentionally deviating from accepted fire investigation protocols to achieve a desired result, and rendering and falsely reporting to the DA and in reports that the fire was an arson." SAC, ¶ 165 (emphasis in original).

As set forth above, the only acts Mr. Johnson actually performed were to go to Smalley's the day after the fire as requested by the Carmel Police and write a brief report concerning the PCFIT's investigation. There are absolutely no plausible facts in the Second Amended Complaint from which one could reasonably infer that Mr. Johnson conspired with anyone to violate Mr. Haughey's rights. Thus, as with the other claims asserted against Mr. Johnson for allegedly violating Mr. Haughey's rights, this claim must likewise be dismissed.

## CONCLUSION

It is a serious matter and a tragedy that an innocent man was imprisoned for a crime he did not commit. It is also a serious matter to accuse a man of playing a role in such a tragedy when he did not. For the reasons set forth herein, we respectfully submit that all claims against Mr. Johnson should be dismissed with prejudice.

Dated: White Plains, New York
April 17, 2019

BLEAKLEY PLATT & SCHMIDT, LLP
BY: _____
PETER F. HARRINGTON
*Attorneys for Defendant Chief Daryl Johnson*
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
TEL.: (914) 949-2700
FAX: (914) 683-6956
EMAIL: pharrington@bpslaw.com

TO: Counsel of Record via ECF