UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
WILLIAM HAUGHEY,

                         Plaintiff,

-against-

THE COUNTY OF PUTNAM, THE TOWN OF
CARMEL, INSPECTOR ROBERT GEOGHEGAN,
ROBERT EFFEREN, CHIEF DARYL JOHNSON,
DOUGH CASEY, PO JUSTIN FISCHER, DETECTIVE
MICHAEL NAGLE, SERGEANT ROBERT BEHAN,
SERGEANT JOHN DEARMAN, JOSEPH
CHARBONNEAU, JOHN DOES 1-5, AND ANTHONY
F. PORTO SR., ANTHONY M. PORTO, JR.,
SMALLEY'S INN & RESTAURANT aka SMALLEYS
INN TNT CAFÉ INC., operating under the trade name
Smalley's Inn and/or Smalley's Inn Mainstreet Cafe,

                         Defendants.
------------------------------------------------------------------------ x

Index No.: 18-cv-02861
(KMK)

**<u>Memorandum of Law in Support of the Carmel Defendants' Partial Motion to Dismiss</u>**

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................... 1

**THE COMPLAINT** ..................................................................................................................... 2

**ARGUMENT** ................................................................................................................................ 3

    **I.**    **Plaintiff's claims against Defendant Joseph Charbonneau should be dismissed.** ...................... 3

    **II.**    **Plaintiff's *Monell* claim against the Town of Carmel should be dismissed.** ........................... 5

    **III.**    **Plaintiff's Conspiracy Claim against the Carmel Defendants should be dismissed.** ............ 7

    **IV.**    **All claims against Sergeant Behan should be dismissed.** ......................................................... 8

**CONCLUSION** ............................................................................................................................ 9

**PRELIMINARY STATEMENT**

In this § 1983 action, Plaintiff William Haughey seeks to hold the Town of Carmel, several of its police officers, and an attorney who represented the Town in post-conviction proceedings under New York's Freedom of Information Law personally liable for his criminal conviction for arson, which was overturned due to ineffective assistance of counsel and the fact that experts retained post-conviction disagreed with the expert opinion of the Putnam County fire investigator who testified during Plaintiff's criminal trial.

This motion is submitted on behalf of defendants the Town of Carmel, Detective Michael Nagle, Sergeant Robert Behan, Sergeant John Dearman, PO Justin Fischer and Joseph Charbonneau. As will be discussed in detail below, the complaint fails to state a § 1983 claim against Defendant Charbonneau because the only allegations about him involve post-conviction proceedings under New York's Freedom of Information Law. In addition, the complaint fails to state a <u>Monell</u> claim against the Town of Carmel because the state statute requiring police chiefs to determine the cause of fires is not a municipal policy, custom, or practice, and was not the "moving force" behind any violation of Plaintiff's constitutional rights. Further, the complaint fails to plausibly allege any agreement sufficient to support a § 1983 conspiracy claim. Finally, all claims against Sergeant Behan should be dismissed because there are no allegations about him in the complaint. As such, the aforementioned claims should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

# THE COMPLAINT[1]

### A. Claims against Joseph Charbonneau

After Plaintiff was convicted, he filed a series of requests under New York's Freedom of Information Law ("FOIL") seeking evidence in his case. (Compl. ¶ 70). Mr. Charbonneau "conspired, and aided and abetted" the other defendants in hiding unspecified exculpatory and/or impeaching evidence. (Compl. ¶ 71). He "persuaded a court to deny Plaintiff's access to that evidence," thereby prolonging his incarceration. (Compl. ¶ 72).

### B. Monell Claims

Plaintiff seeks to Hold the Town of Carmel liable pursuant to Monell because co-defendant Daryl Johnson, the Town Fire Chief, is obligated to comply with New York General Municipal Law § 204-d, which provides, in pertinent part:

> The fire chief of any fire department or company shall, in addition to any other duties assigned to him by law or contract, to the extent reasonably possible determine or cause to be determined the cause of each fire or explosion which the fire department or company has been called to suppress. He shall file with the office of fire prevention and control a report containing such determination and any additional information required by such office regarding the fire or explosion. The report shall be in the form designated by such office. He shall contact or cause to be contacted the appropriate investigatory authority if he has reason to believe the fire or explosion is of incendiary or suspicious origin.

Plaintiff alleges that the Town is liable for Chief Johnson's actions because he is a policymaker regarding municipal determinations as to the cause of fires. (Compl. ¶¶ 127-146). Chief Johnson contacted a Putnam County Fire Investigation Team and the report he submitted is annexed to the Second Amended Complaint as Exhibit "E".

---

[1] All citations to Complaint refer to Plaintiff's operative second amended complaint (Dkt. No 56).

### C. Conspiracy Claims

Plaintiff's eighth cause of action alleges that defendants all explicitly and/or implicitly agreed to commit witheach other and/or other unnamed conspirators, the wrongs detailed above, and toultimately have PLAINTIFF falsely arrested for arson." (Compl. ¶ 164). The complaint than claims that each defendant committed unspecified overt acts in support of this conspiracy which are detailed somewhere in the preceding thirty-two pages of the complaint. (Compl. ¶165).

### D. Claims against Sergeant Behan

The complaint references Sergeant Behan a single time, stating that he "was and is a Sergeant employed by the Carmel Police Department." (Compl. ¶ 16).

## ARGUMENT

### I. Plaintiff's claims against Defendant Joseph Charbonneau should be dismissed.

Plaintiff alleges that Mr. Charbonneau somehow violated Plaintiff's constitutional rights based on his representation of the Town in post-conviction FOIL proceedings. Mr. Charbonneau is referenced in only four paragraphs of Plaintiff's voluminous second amended complaint. One of these paragraphs merely identifies him as an attorney for the Town and the other three involve conduct which allegedly took place during post-conviction FOIL proceedings. None of the causes of action asserted by Plaintiff are specific to Mr. Charbonneau and they are directed against all individual defendants in a shotgun manner, despite the fact that the only factual allegations involving Mr. Charbonneau occurred post-conviction.

"[T]here is no violation of a federal constitutional or statutory right from a municipality's inadequate response to a FOIL request." Hudson v. County of Dutchess, 51 F.Supp.3d 357, 371

3

(S.D.N.Y. 2014) (Karas, J.); see also Hayes v. Perotta, 751 F. Supp. 2d 597, 602 (S.D.N.Y. 2010) ("The Complaint does allege that [the defendant local governmental unit] wrongly refused to provide Plaintiff with information that he requested. . . . [But] [t]his allegation does not state a § 1983 claim, as it is not rooted in a claimed constitutional or federal statutory right."). Furthermore, if Plaintiff felt aggrieved by the Town's responses to his FOIL requests, he was entitled to challenge the Town's responses in a state law proceeding pursuant to N.Y. CPLR § 78. Papay v. Haselhuhn, No. 07-CV-3858, 2010 U.S. Dist. LEXIS 112272, 2010 WL 140430, at *8 (S.D.N.Y. Oct. 21, 2010) ("Plaintiff's remedy for an alleged violation of FOIL is to appeal in writing within thirty days to the head, chief executive, or governing body of the entity. A person denied access to a record in an appeal determination may then seek review pursuant to the state procedures outlined in Article 78.").

Alternatively, Mr. Charbonneau is entitled to qualified immunity as no clearly established law suggests that a prosecutor's duty to disclose exculpatory evidence somehow applies to attorneys representing governmental entities in post-conviction proceedings brought pursuant to a state open records statute. See Hudson, 51 F.Supp.3d at 371. Implementing such a duty would be impossible as freedom of information requests do not require the individual requesting the information to disclose the reason they are requesting the information and many FOIL requests are not associated with criminal proceedings. Furthermore, New York's FOIL statue includes a number of exceptions to disclosure which are inconsistent with a prosecutor's Constitutional obligation to disclose exculpatory evidence. See N.Y. Public Officers Law §87(2) (setting forth categories of information exempt from disclosure under FOIL). Accordingly, even if Mr. Charbonneau's representation of the Town in post-conviction FOIL proceedings somehow

violated the constitution, he should still be dismissed from this action on qualified immunity grounds.

## II.     Plaintiff's *Monell* claim against the Town of Carmel should be dismissed.

Under the standards of Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012); see also Hunter v. City of New York, 35 F. Supp. 3d 310, 2014 U.S. Dist. LEXIS 110756, 2014 WL 3894339, at *9 (E.D.N.Y. Aug. 11, 2014) ("In order to sustain a claim for relief pursuant to § 1983 against a municipal defendant, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right." (citing Monell, 436 U.S. at 694-95)). But "[a]bsent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Jones, 691 F.3d at 80.

In the case at bar, Plaintiff seeks to hold the Town of Carmel liable because co-Defendant Robert Johnson, the Town Fire Chief, has a duty to report fires to the New York State Office of Fire Prevention and Control pursuant to New York General Municipal Law § 204-d, which provides, in pertinent part:

> The fire chief of any fire department or company shall, in addition to any other duties assigned to him by law or contract, to the extent reasonably possible determine or cause to be determined the cause of each fire or explosion which the fire department or company has been called to suppress. He shall file with the office of fire prevention and control a report containing such determination and any additional information required by such office regarding the fire or explosion. The report shall be in the form designated by such office. He shall contact or cause to be contacted the appropriate investigatory authority if he has reason to believe the fire or explosion is of incendiary or suspicious origin.

Chief Johnson's statutory duty to investigate and report the cause the fire to the relevant state agency did not cause any deprivation of Plaintiff's constitutional rights. The fire chief's reporting obligations had no bearing on Plaintiff's criminal conviction for arson, in which the prosecution was required to prove to a jury beyond a reasonable doubt that Plaintiff intentionally set the fireand was not bound by the fire chief's § 204-d determination that the fire was incendiary in nature. Chief Johnson's actions under § 204-d were administrative in nature and did not cause Plaintiff's conviction. Thus, there is no basis for holding the Town liable under Monell for his determination. Cf.Waldron v. Rotzler, 862 F.Supp.763, 773 (N.Y.N.D. 1994) ("However [§ 204-d] merely states that the fire chief must investigate, or have the fire investigated, and that he must file a causation report with the state. This duty does not necessarily give plaintiff a cause of action for the nonfiling of such a report.").

Furthermore, Plaintiff's attempt to hold the Town liable on the basis of § 204-d is misguided because § 204-d is a state law which is binding on Town, not a municipal policy which the Town has the ability to change. See Monell, 436 U.S. at 690 ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision *officially adopted and promulgated by that body's officers.*") (emphasis added). Holding the Town liable because its fire chief implemented a policy promulgated by the State would not further § 1983's goal of deterring constitutional violations because the Town lacks the ability to change policies effectuated by the state legislature.

To the extent that Plaintiff seeks to hold Chief Johnson for causing Plaintiff's conviction as a policymaker, this claim fails because Chief Johnson had no final decision-making authority

6

over the decision to prosecute Plaintiff, which was made by the Putnam County District Attorney's Office, not the Town of Carmel Fire Department. Cf. P.A. v. City of New York, 44 F.Supp.3d 287, 304 n.8 (E.D.N.Y. 2014)("In any event, the plaintiffs in this case have simply not offered evidence that Gibbs had the relevant type of policymaking authority.").

The Town also adopts all arguments advanced by Co-defendant Johnson in his motion to dismiss as a finding that he did not violate Plaintiff's Constitutional rights would absolve the Town from vicarious liability for his acts as a policymaker.

### III.  **Plaintiff's Conspiracy Claim against the Carmel Defendants should be dismissed.**

Plaintiff's eighth cause of action alleges a § 1983 Civil Conspiracy in a shotgun manner against all defendants. Paragraph 164 of complaint alleges:

> Defendants all explicitly and/or implicitly agreed to commit with each other and/or other unnamed conspirators, the wrongs detailed above, and to ultimately have PLAINTIFF falsely arrested for arson.

It is well-settled that such conclusory allegations are insufficient to withstand a motion to dismiss. Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.") (alteration and internal quotation marks omitted); Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (to withstand motion to dismiss, "plaintiff must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end" as well as "some details of time and place and the alleged effects of the conspiracy"). In the case at bar, there are no non-conclusory allegations suggesting that Defendants agreed to do anything. The acts attributed to defendants, such as responding to the scene of a fire, contacting a County Fire

7

Investigation Team, interviewing the owner of the tavern where the fire occurred, writing arrest reports, and arresting plaintiff are wholly consistent with the Carmel defendants obligations as police officers in the Town of Carmel and do not suggest the existence of a conspiracy. The only factual allegations against Sergeant Dearman is that he participated in Plaintiff's arrest days after the fire occurred. (Complaint ¶ 54). There are no factual allegations whatsoever concerning Sergeant Behan other than paragraph 16, which states that he "was and is a Sergeant employed by the Carmel Police Department."

Furthermore, Plaintiff's conspiracy claim–which amount to a claim that police officers worked with fire investigators to investigate a fire and prosecute the person who they believed started the fire–is barred by the intracorporate conspiracy doctrine. Under this doctrine, "the officers, agents and employees of a single corporate entity, each acting within the scope of [his or] her employment, are legally incapable of conspiring together." Little v. City of New York, 487 F.Supp.2d 426, 441-42 (S.D.N.Y. 2007) (dismissing section 1983 conspiracy claim against two police officers who worked for the City of New York pursuant to intracorporate conspiracy doctrine); see also Liner v. Fischer, 2013 U.S. Dist. LEXIS 88147, 2013 WL 3168660, *2 n.12 (S.D.N.Y. June 24, 2013) (dismissing section 1983 conspiracy claim where all defendants were DOCCS employees acting within the scope of employment). As the allegations in the complaint merely suggest that the Carmel Police Officers associated together for the purpose of conducting a police investigation and facilitating the arrest of the suspect of that allegation, Plaintiff cannot maintain a conspiracy case against them.

### IV.     All claims against Sergeant Behan should be dismissed.

The only factual allegation referencing Sergeant Robert Behan in the complaint is paragraph 16, which states that he "was and is a Sergeant employed by the Carmel Police

8

Department." This allegation fails to establish that Sergeant Behan was personally involved in any deprivation of Plaintiff's constitutional rights. See McCoy v. Goord, 255 F.Supp.2d 233, 258 (S.D.N.Y. 2003)("It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'"). Accordingly, all claims against Sergeant Behan should be dismissed.

## CONCLUSION

Wherefore, in light of the foregoing it is respectfully submitted that Plaintiff's: (1) claims against Joseph Charbonneau, (2) all federal claims against the Town of Carmel, (3) Plaintiff's § 1983 conspiracy claims, (4) and all claims against Sergeant Behan should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: New York, New York
      May 10, 2019             Respectfully Submitted,

                                      MORRIS DUFFY ALONSO & FALEY

              By:          /s/ Michael A. Czolacz
                                      MICHAEL A. CZOLACZ
                                      KENNETH E. PITCOFF
                                      CRISTINA A. KNORR
                                      *Attorneys for the Defendants*
                                      *Town of Carmel, Detective Michael Nagle, Sergeant Robert Behan, Sergeant John Dearman, PO Justin Fischer and Joseph Charbonneau*
                                      101 Greenwich Street, 22nd Floor
                                      New York, New York 10006
                                      Tel: (212) 766-1888
                                      mczolacz@mdafny.com

CC: Via ECF