UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM HAUGHEY,                                        Docket No. 18-CV-2861(KBF)

                        Plaintiff,

        -against-

THE COUNTY OF PUTNAM; THE TOWN OF
CARMEL; INSPECTOR ROBERT
GEOGHEGAN; ROBERT EFFEREN; CHIEF
DARYL JOHNSON; DOUGH CASEY; PO
JUSTIN FISCHER; DETECTIVE MICHAEL
NAGLE, SERGEANT ROBERT BEHAN;
SERGEANT JOHN DEARMAN; JOSEPH
CHARBONNEAU; JOHN DOES 1-5; and
ANHTONY F. PORTO, SR.,
ANTHONY M. PORTO, JR., SMALLEY'S INN
& RESTAURANT aka SMALLEYS INN, TNT
CAFE INC., operating under the trade  name
Smalley's Inn and/or Smalley's Inn Mainstreet
Cafe,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## ANTHONY M. PORTO, JR.'S, MEMORANDUM OF LAW
## IN SUPPORT OF  MOTION TO DISMISS


Dated : Albertson, NY
       May 8, 2019

Table of Contents

**Page**

TABLE OF AUTHORITIES............................................................................. ii

PRELIMINARY STATEMENT ....................................................................1

PROCEDURAL HISTORY...........................................................................1

POINT I:

THE SECOND AMENDED COMPLAINT FAILS
TO STATE A CLAIM AGAINST DEFENDANT
ANTHONY M. PORTO, JR.  ........................................…………… 2

POINT II

PLAINTIFF FAILS TO PROVE THE FIRST CAUSE OF ACTION
AS AGAINST PORTO..........................................................................5

POINT III

PLAINTIFF FAILS TO PROVE THE SECOND CAUSE OF ACTION
AS AGAINST PORTO..........................................................................6

POINT IV

PLAINTIFF FAILS TO PROVE THE THIRD CAUSE OF ACTION
AS AGAINST PORTO..........................................................................6

POINT V

PLAINTIFF FAILS TO PROVE THE FIFTH CAUSE OF ACTION
AS AGAINST PORTO..........................................................................7

POINT VI

PLAINTIFF FAILS TO PROVE THE EIGHTH CAUSE OF ACTION
AS AGAINST PORTO..........................................................................8

CONCLUSION ............................................................................................9

i

# TABLE OF AUTHORITIES

**Cases**                                                         **Page(s)**

*Ashcroft v. Iqbal,* 556 U. S. 662 *(2009)*................................................................ 2,3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................2,3

*Brady v. Maryland,* 373 U.S. 83 (1963)...............................................................7

*Ciambrello v. County of Nassau,* 292 F. 3d 307 (2d Cir. 2002)................................3,8

*Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989).............................................4

*Focus on Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263*
*(11th Cir. 2003)*.............................. ............................................................4,5

*Giardana v. Nassau County,*  U.S. Dist. LEXIS 45097 (E.D.N.Y. 2010).................3,4,8

*Manuel v. City of Joliet* 137 S.Ct. 911 (2017).....................................................6

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC,*
595 F.3d 86 (2d Cir. 2010).................................................................................3

*Robbins v. Cloutier*, 121 F.App'x 423 (2d Cir. 2005)............................................4

*Scheuer v. Rhodes*, 416 U.S. 232 (1974).............................................................2

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of defendant Anthony M. Porto, Jr. in support of his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has brought this matter pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights stemming from his arrest, prosecution and wrongful conviction. On April 16, 2008, plaintiff was convicted of arson due to a fire that occurred on March 10, 2007 at Smalley's Inn in Carmel, New York. This moving defendant, Anthony Porto, Jr.(Porto) was working at the Inn at the time of the fire. Porto had no legal nor official involvement with the investigation into the fire nor the prosecution of plaintiff. (Plaintiff's Second Amended Complaint)

Nine years following his conviction, plaintiff filed a habeas corpus petition which resulted in his conviction being vacated. The conviction was vacated as it was determined that plaintiff was provided with ineffective assistance of counsel and issues were raised by experts as to conclusions drawn by the County fire investigator. (Plaintiff's Second Amended Complaint)

It is Porto's contention that plaintiff's Second Amended Complaint and all cross claims must be dismissed as against him, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure as plaintiff has failed to state a cause of action upon which relief can be granted.

## PROCEDURAL HISTORY

Plaintiff initially commenced this action via Complaint filed March 30, 2018. Subsequently, plaintiff filed a First Amended Complaint on August 22, 2018 in which Anthony Porto, Jr. was named a defendant. A Second Amended Complaint was filed on December 3, 2018. Porto was also named a defendant.

The Second Amended Complaint includes five causes of action as against Porto. The five causes of action are all based on alleged violations of 42 U.S.C.§ 1983.

Judge Karas ordered defendants to file all motions to dismiss no later than May 10, 2019 pursuant to an Order dated April 18, 2019, extending the prior order dated March 19, 2019.

## POINT I

### THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AS AGAINST DEFENDANT ANTHONY PORTO JR.

The standard for a motion to dismiss has been clarified by the Supreme Court in two decisions, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft* v. *Iqbal* 556 U.S. 662 (2009)

Pursuant Fed.R.Civ.P.8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As detailed in *Twombly*, the pleading does not require detailed factual allegations but it does require more than the "an unadorned, the defendant- unlawfully-harmed-me accusation." *Twombly* at 556. A pleading that offers conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Twombly* at 556.

With respect to a motion to dismiss, the court looks to the four corners of the complaint and is required to accept the allegations as true and to construe those allegations in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232,236 (1974). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts

2

sufficient to 'raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86,91 (2d Cir. 2010) quoting *Twombly* at 555. The standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Giardana v. Nassau County,* U.S. Dist. LEXIS 45097 (E.D.N.Y. 2010) quoting *Twombly* at 570.

The Supreme Court clarified the pleading standard in *Ashcroft* and devised a two pronged approach to assist courts in deciding a motion to dismiss. First, "identify [] pleadings that, because they are no more than conclusions, are not entitled to assumptions of truth." *Giardana* quoting *Ashcroft* at 1950. Though "legal conclusions can provide a framework of a complaint, they must be supported by factual allegations." *Id.* Second, where a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* This standard is applicable to § 1983 claims as further discussed in the *Giardana* matter.

In *Giardana*, the *pro se* plaintiffs brought an action against Nassau County and the Civil Service Employees Association ("CSEA") including claims under 42 U.S.C.§1983. The Court granted CSEA's motion to dismiss, "[b]ecause the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenge constitutes 'state action.'" *Giardana* quoting *Ciambriello v. County of Nassau*, 292 F.3d 307,323 (2d Cir.2002). The Court determined that CSEA, a labor union would not be deemed a state actor. *Id*.

An exception to this rule occurs when a plaintiff can prove that a non-state actor conspired with a state actor. Therefore, to survive a motion to dismiss a 42 U.S.C.§1983 conspiracy claim,

"the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of this goal." *Giardana* quoting *Carmody v. City of N.Y.,* No. 05-CV-8084 (HB), 2006 U.S. Dist. LEXUS 25308, 2006 WL 1283125 at 6 (S.D.N.Y. May 11, 20016) (citing *Ciambrello*, 292 F3d at 324-325). In *Ciambrello,* the court dismissed conspiracy allegations where they were found to be "strictly conclusory". In *Robbins*, the court dismissed a §1983 claim where plaintiff merely alleged that defendants "acted in a concerted effort" when they agreed not to hire plaintiff and informed others not to hire plaintiff. *Robbins v. Cloutier*, 121 F. App'x. 423, 425 (2d Cir. 2005).

In *Giardana,* the court found that the Second Amended Complaint failed to make a plausible allegation that CSEA conspired with any state actor therefore dismissed the 1983 claim. *Giardana* at 24.

The Defendant, Anthony M. Porto, Jr. seeks to move to dismiss the plaintiff's Second Amended Complaint. In order for plaintiff to establish a claim as against Porto pursuant to 42 U.S.C. §1983, the plaintiff must allege that Porto deprived plaintiff of a right secured by the Constitution while acting under the color of state law. *Collins v. Womancare,* 878 F.2d 1145, 1147 (9th Cir. 1989).

It is difficult to prove that a private citizen is acting under color of state law and only in rare circumstances has a private citizen been deemed to be acting under color of state law. *Focus on Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1276-77 (11th Cir. 2003). A private citizen has been deemed a "state actor" where a defendant was performing a function "traditionally the exclusive prerogative of the state"; where the government has coerced or significantly encouraged a defendant to engage in the complained of conduct; or where the

4

defendant and the government are intertwined in a symbiotic relationship. *Id.* Mere conclusory statements made by plaintiff as to an improper relationship between a defendant and the government are not sufficient to maintain a claim. In this case, plaintiff has failed to prove that Porto acted under the color of state law.

A review of the Second Amended Complaint notes that Porto is grouped in with the Town and County defendants as to the First, Second, Third, Fifth and Eighth causes of action. These causes of action are not applicable as to Porto as discussed herein.

**POINT II**

**PLAINTIFF FAILS TO PROVE THE FIRST
CAUSE OF ACTION AS AGAINST PORTO**

The First Cause of Action alleges evidence manufacturing; denial of a fair trial under the Fifth, Sixth and Fourteenth Amendments, 42 U.S.C. §1983. The plaintiff alleges that the defendants intentionally created numerous false reports and that the defendants then forwarded these reports to prosecutors who relied on same to commence formal criminal proceedings as against the plaintiff. (Paragraph 91-95, Second Amended Complaint).

Porto is a private citizen and the First Cause Action does offer any facts to support the contention that Porto was a "state actor" or was performing a function "traditionally the exclusive prerogative of the state." Further, there are no specific facts to support a claim that the government coerced or significantly encouraged Porto to engage in evidence manufacturing or denial of a fair trial. In addition, there are no facts pled that Porto and the government were intertwined in a symbiotic relationship. *Id.* Mr. Porto is not specifically identified in the First

5

Cause of Action by name.   Mere conclusory statements made by plaintiff as to an improper

relationship between Porto and County of Putnam/Town of Carmel are not sufficient to maintain a

claim therefore the First Cause of action must be dismissed as there is no evidence that Porto

manufactured evidence or denied the plaintiff of a fair trial under the Fifth, Sixth and Fourteenth

Amendments.


## POINT III

### PLAINTIFF FAILS TO PROVE THE SECOND CAUSE OF ACTION AS AGAINST PORTO


The Second Cause of Action alleges wrongful arrest and detention under the Fourth

Amendment and *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); 42 U.S.C. §1983. *Manuel*

involves a traffic stop where plaintiff was searched and a vitamin bottle containing pills was

thought to be illegal drugs.  Plaintiff was detained in jail for seven weeks while pills were tested,

responding officer claimed pills were illegal based on his "training and experience".  The Fourth

Amendment prohibits government official from detaining a person absent probable cause.

Porto is not specifically mentioned in the Second Cause of Action other than being lumped

into all individual defendants.   There are no facts in the Second Amended Complaint to support

the allegation that Porto, a private citizen, wrongfully arrested or detained the plaintiff therefore

the Second Cause of Action must be dismissed as against Porto.

### POINT IV

### PLAINTIFF FAILS TO PROVE THE THIRD CAUSE OF ACTION AS AGAINST PORTO

6

The Third Cause of Action alleges malicious prosecution and deprivation of liberty under the Fourth, Fifth, Sixth and Fourteenth Amendments; 42 U.S.C. §1983.  Porto is not named specifically in the Third Cause of Action.  The act of calling the police to enforce the law is not sufficient to turn a private actor, Porto, into a state actor.  There must be evidence of a joint action that the police and Porto were working together in a common plan in order for any violations of 42 U.S.C. §1983 to be brought as against Porto, therefore the Third Cause of Action must be dismissed as against Porto.

**POINT V**

**PLAINTIFF FAILS TO PROVE THE FIFTH
CAUSE OF ACTION AS AGAINST PORTO**

The Fifth Cause of Action alleges denial of a fair trial under the Fifth, Sixth and Fourteenth Amendments, and *Brady v. Maryland*, 373 U.S. 83 (1963).  Porto did deny the plaintiff of a fair trial.  In *Brady*, the plaintiff and Charles Boblit was found guilty of first degree murder.  Plaintiff maintained that he participated in preceding robbery but not in the subsequent murder.  Following the trial, plaintiff learned that Boblit had confessed to the murder however the prosecution had suppressed the confession.  The Court held that the suppression of the evidence violated the Due Process Clause of the Fourteenth Amendment but the confession would not exonerate plaintiff.  From a review of the allegations contained in the Fifth Cause of Action, Porto is not named specifically nor are there any facts that give rise to Porto acting in concert with the County of Putnam/Town of Carmel to deny plaintiff a fair trial therefore the Fifth Cause of Action must be dismissed as against Porto.

7

## POINT VI

### PLAINTIFF FAILS TO PROVE THE EIGHTH
### CAUSE OF ACTION AS AGAINST PORTO

The Eighth Cause of Action alleges Civil conspiracy; 42 U.S.C. §1983. There is no

evidence of a conspiracy.  Plaintiff's sentence was overturned as the Court found that there were

issues as to whether plaintiff had received adequate counsel.  There has been no finding of

conspiracy or of a joint action that the police and Porto were working together in a common plan.

(Exhibit "G" to Second Amended Complaint, Habeas Corpus Final Judgement Order, May 23,

2016).

The plaintiff has failed to prove that a non-state actor, Porto conspired with the state actor,

Town of Carmel or County of Putnam.  The plaintiff did not allege (1) an agreement between two

or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in

furtherance of this goal."  *Giardana* quoting *Carmody v. City of N.Y.,* No. 05-CV-8084 (HB),

2006 U.S. Dist. LEXUS 25308, 2006 WL 1283125 at 6 (S.D.N.Y. May 11, 20016) (citing

*Ciambrello*, 292 F3d at 324-325).  The plaintiff alleges that Porto disposed of the smoke eater

before police could examine it but does not allege that Porto had an agreement with any state

actors to do so.  If Porto did in fact dispose of the smoke eater, he did so as a private individual

and not as a "state actor".   The mere act of disposing of a smoke eater does note rise to the level

of conspiracy.

The Eighth Cause of Action must be dismissed as against Porto.  The plaintiff has failed to

provide any evidence to turn Porto, a private party into a state actor or to provide any evidence

that there was a joint action between the police and Porto working together on a common plan.

8

## CONCLUSION

Porto has satisfied his burden of proof, and the complaint should be dismissed against him. Porto is not a state actor and there is no evidence in the "four corners" of plaintiff's Second Amended Complaint that Porto acted in concert with any state actors therefore plaintiff's first, second, third, fifth and eight causes of action alleging §1983 claims must be dismissed. Thus, Porto asks this Honorable Court to grant its motion to dismiss and dismiss plaintiff's complaint and all cross-complaints in their entirety.

Dated:  Albertson, NY
        May 8, 2019

                              Jennifer A. Casey, Esq.

9