MEMO ENDOR

# CUOMO LLC

200 Old Country Road, Suite 2 South, Mineola, NY 11501/Tel: (516) 741-3222/Fax: (516) 741-3223

September 9, 2023

**By ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

Re:   *Haughey v. The County of Putnam, et al,* 18 CV 2861 (KMK)

Dear Judge Karas:

I represent Richard M. Haughey, administrator of the Estate of William Haughey. I write to respectfully request leave from the Court to allow Haughey to slightly amend one of his proposed jury instructions: Requested Jury Instruction 15: Deprivation of a Federal Right – Evidence Fabrication.

In the course of reviewing the Town Defendants' proposed amendment, we realized that we inadvertently overlooked Haughey's entitlement to a jury instruction that the allegedly falsified evidence is material as a matter of law. We respectfully request that the Court allow us to correct this oversight in our proposed jury instructions. Defendants will not be prejudiced by this as the Final Pre-Trial Conference is scheduled for October 26, 2023, trial will not begin until October 30, 2023, and the Court has yet to issue jury instructions.

### Haughey's Proposed Amendment To Requested Jury Instruction 15: The Allegedly Fabricated Evidence Is Material As A Matter Of Law

"To succeed on a fabricated-evidence claim, a plaintiff must establish that an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffe[red] a deprivation of life, liberty, or property as a result." *Barnes v. City of New York,* 68 F.4th 123, 128 (2d Cir. 2023) (quotations omitted).

Regarding third element, the likelihood that the false evidence would influence a jury's verdict, "the analysis of materiality is absolute rather than relative. It is forward-looking rather than retrospective. It asks whether a *hypothetical* jury would likely be swayed by [the fabricated] evidence[.]" *Nnodimele v. Derienzo,* 2016 WL 3561708, at

Honorable Kenneth M. Karas
September 9, 2023
Page 2

*6 (E.D.N.Y. 2016) (Ross, J.) Thus, an evidence fabrication claim "does not require that a criminal trial actually took place." *Nnodimele v. Derienzo*, 2016 WL 3561708, at *6; *Barnes v. City of New York*, 68 F.4th 123, 132 (2d Cir. 2023) ("[T]o insist that a deprivation of liberty requires custody or a conviction overlooks the fact that … prosecution … is itself a deprivation of liberty. For fabricated- evidence claims based on due process, we have previously recognized that a plaintiff's prosecution can be a deprivation of liberty …. The use of fabricated evidence in initiating a prosecution or at trial may amount to a deprivation of liberty even in the absence of a conviction based on the fabricated evidence[.]") (Quotations omitted).

When no reasonable jury could find that the fabricated evidence would not be material before a hypothetical jury, the Court may charge that the allegedly fabricated evidence is material as a matter of law. *See Nnodimele v. Derienzo*, 2016 WL 3561708, at *7 (approving a jury instruction that false evidence is material as a matter of law as "[n]o reasonable jury could find that two independent self-identification statements, both tantamount to confessions to at least one crime, are not the type of evidence likely to influence a jury's decision if a jury were to consider it.")

Here, no reasonable jury could find the fabricated evidence in Haughey's case is not the type of evidence likely to influence a jury's decision if a jury were to consider it. Haughey's entire prosecution was built on the premise that the fire was intentionally set. As discussed in the parties Joint Pre-Trial Order (Doc. # 259 at pp. 3-4), the allegedly fabricated evidence consists of:

(1) The false declaration that the Smalley's bathroom fire was incendiary in nature and/or an arson;

(2) The Putnam Fire Investigation reports and Carmel Fire Department report memorializing that false declaration;

(3) The false oral representations Geoghegan made to the Putnam County District Attorney: (i) the fire was incendiary, (ii) all electrical causes for the fire had been eliminated, (iii) the 13-hour delay in securing the bathroom, and leaving it under defendant Anthony Porto, Jr.'s control during that time, did not impact the integrity of the fire investigation, and (iv) omitting Porto's suspicious behavior of initially failing to call the fire department, but making an abrupt about face and allowing the fire department to enter Smalley's Inn bathroom after having sole access to the bathroom for 13-hours;

Honorable Kenneth M. Karas
September 9, 2023
Page 3

    (4)    A false Putnam Incident Summary Report stating eyewitnesses had observed Haughey "place paper towels in between the drop ceiling and the ceiling," light them on fire, and then return to sit down at the bar as the fire grew; and

    (5)    Nagle's false oral representations to Geoghegan, Efferen, and Johnson, conveying the false eyewitness identification information memorialized in the Putnam Incident Summary Report (information that was then conveyed to prosecutors).

As as a matter of law, no reasonable jury could find that if this evidence was indeed fabricated, it is "not the type of evidence likely to influence a jury's decision if a jury were to consider it." *Nnodimele v. Derienzo*, 2016 WL 3561708, at *7

Nor does any of the other evidence introduced at Haughey's trial change this result. *See Nnodimele v. Derienzo*, 2016 WL 3561708, at *7 ("Defendants ... improperly focus on the potency of [the fabricated] evidence relative to the vast amount of other evidence that can be fairly deemed incriminating to suggest the possibility that the criminal jury did not view the [fabricated evidence] as being anywhere as significant [as the other properly admitted incriminating evidence] .... This argument is compelling in the context of a *Brady* claim, where materiality is determined by reference to evidence adduced at the criminal trial, but it is inapposite in the context of an evidence fabrication claim, where the materiality standard is different") (quotes and citations omitted).

Accordingly, Haughey respectfully requests leave to submit an amended proposed jury instruction 15 explaining "to the jury that [the materiality] element of the evidence fabrication claim is satisfied as a matter of law." *Nnodimele v. Derienzo*, 2016 WL 3561708, at *7. We thank the Court for its consideration.

The Court will accept this filing.

So Ordered.
*[signature]*
9/11/23

Respectfully submitted,

*Oscar Michelen*

Oscar Michelen

cc:    All Defendants